IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

SHAMBHALA INTERNATIONAL (VAJRADHATU), a Colorado non-profit corporation

Plaintiff,

v.

CHURCH OF SHAMBHALA VAJRADHARA MAITREY SANGHA, d/b/a THE TIBETAN FOUNDATION, a California non-profit corporation,

Defendant.

## COMPLAINT

Plaintiff Shambhala International (Vajradhatu) ("Shambhala International"), for its Complaint against Defendant Church of Shambhala Vajradhara Maitrey Sangha ("Church of Shambhala"), states as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Shambhala International is a non-profit corporation existing under the laws of the state of Colorado, with its principal place of business in Boulder County, Colorado.

2. Upon information and belief, Church of Shambhala is a non-profit corporation existing under the laws of the state of California, with a principal place of business in Sedona, Arizona.

3. Upon information and belief, the Church of Shambhala has done or is doing business as The Tibetan Foundation.

4. The Church of Shambhala is doing or has done business in this judicial district.

5. This Court has original jurisdiction over the subject matter of Shambhala International's First through Third, and Fifth Claims for Relief pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. §1121, because those causes of action raise claims for trademark infringement, false designation of origin, federal trademark dilution, and cybersquatting, which arise under the laws of the United States, specifically the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1051, *et seq*.

6. This Court has original jurisdiction over the subject matter of Shambhala International's Fourth Claim for Relief pursuant to 28 U.S.C. §1338(b), because that cause of action raises claims for state law trademark infringement, which is joined with a substantial and related claim under the trademark laws of the United States.

7. This Court has original jurisdiction over the subject matter of Shambhala International's Fourth Claim for Relief pursuant to 28 U.S.C. §1367(a), because that cause of action is so related to the other claims in this case over which this Court has original jurisdiction that it forms part of the same case or controversy under Article II of the United States Constitution.

8. Venue as to the Church of Shambhala is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## FIRST CLAIM FOR RELIEF
**(Federal Trademark Infringement – 15 U.S.C. §1051, *et seq*.)**

9. Shambhala International, originally named "Vajradhatu," is a church of the Buddhist religion incorporated in Colorado in 1973. Shambhala International's founder was the late Chögyam Trungpa Rinpoche, a highly regarded Vajrayana Buddhist meditation master who escaped Tibet during the Chinese occupation in 1957.

10. Beginning in the 1970s, Shambhala International offered Shambhala Meditation Programs based upon the unique teachings of Chögyam Trungpa Rinpoche developed from his experience in presenting the Buddhist religion to students in the West.

11. Beginning in 1977 and continuously since then, Shambhala International has presented a structured curriculum of classes and meditation practices to the public using the name "Shambhala Training" to promote the Shambhala teachings of Chögyam Trungpa Rinpoche.

12. During that time, up to 200 local meditation centers have been established under the aegis of Shambhala International in the United States and its affiliates throughout the world to present and practice the Shambhala teachings. These centers are known as "Shambhala Centers" or "Shambhala Meditation Centers."

13. Since at least 1977, Shambhala International and its affiliates have been using the trademark "SHAMBHALA TRAINING" in connection with its educational services and seminars in meditation practices and non-sectarian spiritual training. Shambhala International is the assignee and owner of United States Trademark Registration No. 2,468,864 for the mark "SHAMBHALA TRAINING," which is valid, enforceable and incontestable.

14. Since at least 1993, Shambhala International has been using the trademark "SHAMBHALA" in connection with its education and religious services in the Buddhist religion and Shambhala culture. Shambhala International is the owner of United States Trademark Registration No. 2,499,500 for the mark "SHAMBHALA," which is valid, enforceable and incontestable.

15. Since at least 1993, Shambhala International has been using the trademark "SHAMBHALA CENTER" in connection with its network of affiliated religious/spiritual practice

3

16. Since at least 1998, Shambhala International has been using the trademark "SHAMBHALA MEDITATION CENTERS" in connection with its network of affiliated religious/spiritual practice centers providing education and religious services in the Buddhist religion. Shambhala International is the owner of United States Trademark Registration No. 2,460,982 for the mark "SHAMBHALA MEDITATION CENTERS," which is valid, enforceable and incontestable.

17. The above marks ("the Subject Marks") are distinctive, nonfunctional, and possess secondary meaning in that they are associated by the public with Shambhala International and, as a result, they signify Shambhala International as the source and/or sponsor of the services.

18. Upon information and belief, the Church of Shambhala was begun in 1996 by a California resident, Ronald Lloyd Spencer. According to advertisements for the Church of Shambhala, Mr. Spencer is now known as His Holiness Jetsun Gyalwa Jampa Gonpo, Sanat Maitreya Kumara, the Buddha Maitreya ("Gyalwa Jampa").

19. Upon information and belief, the Church of Shambhala operates a Shambhala Retreat Center located in Sedona, Arizona, branch "Meditation Room/Soul Therapy Rooms" elsewhere in the United States, and an administrative center in Northern California. These centers offer meditation sessions and services.

20. The Church of Shambhala also sells sacred "geometric meditation and healing tools," apparently designed by Gyalwa Jampa, which the Church of Shambhala advertises will "stimulate the natural electromagnetic pulse that is found throughout the meridians in the body, and in the natural electro-magnetic pulse of the Earth."

21. Upon information and belief, the Church of Shambhala also obtains money through "educational fundraising forums" and the sale of the meditation tools.

22. The Church of Shambhala also raises funds through spiritual retreats and pilgrimages in the United States and elsewhere offered by Gyalwa Jampa.

23. The Church of Shambhala has advertised and/or offered for sale, and sold and/or commercially distributed in interstate commerce, various products and services using the marks "SHAMBHALA" and "SHAMBHALA MEDITATION CENTERS."

24. The Church of Shambhala has advertised and/or offered for sale, and sold and/or commercially distributed in interstate commerce various products and services using marks that are confusingly similar to the Subject Marks.

25. The Church of Shambhala's promotion, offering for sale, and sales of such products and services is likely to cause confusion, and/or cause mistake, and/or to deceive as to the apparent affiliation, connection or association between Shambhala International and the Church of Shambhala, and to cause members of the public to believe, incorrectly that the Church of Shambhala's products and services are provided by, or under the sponsorship or approval of, Shambhala International.

26. The use of the Subject Marks by Church of Shambhala has inflicted, and unless enjoined will continue to inflict, substantial and irreparable injury upon the reputation and

goodwill of Shambhala International and its Subject Marks, for which injury Shambhala International has no adequate remedy at law.

27. The above acts by the Church of Shambhala constitute trademark infringement of Shambhala International's federally registered trademarks in violation of the Lanham Act, 15 U.S.C. §1051, *et seq.*, to the substantial and irreparable injury to the public and to Shambhala International's reputation and goodwill.

28. In the event that it is determined that the Church of Shambhala profited from its improper use of the Subject Marks, Shambhala International is entitled to additional remedies as provided by law, including those set forth in 15 U.S.C. §1117.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin – 15 U.S.C. §1125(a))

29. Shambhala International reincorporates and realleges each and every allegation of ¶¶1 through 28, above.

30. By promoting, marketing, advertising, and/or selling the Church of Shambhala's products and services, the Church of Shambhala has infringed on the Subject Marks, and has infringed Shambhala International's common law trademark rights, in violation of the Lanham Act §43(a), 15 U.S.C. §1125(a).

31. The Church of Shambhala's actions further constitute false designation of origin, false description, false representation and unfair competition in violation of the Lanham Act §43(a), 15 U.S.C. §1125(a), in that such acts are likely to deceive the public into believing that the Church of Shambhala's products and services are from or sponsored by Shambhala International and, as a result, are likely to divert and have diverted the public away from Shambhala International.

32. If not enjoined by the Court, the Church of Shambhala will continue to offer and sell its products and services in commerce, which products and services will be understood by the public to be from or sponsored by Shambhala International. However, Shambhala International will have no control over the nature, content or quality of the Church of Shambhala's products and services so rendered, and any fault or objection with said products or services will adversely affect the future work of Shambhala International under the Subject Marks.

33. The offer of products and services by Church of Shambhala has inflicted, and unless enjoined will continue to inflict, substantial and irreparable injury upon the reputation and goodwill of Shambhala International and its Subject Marks, for which injury Shambhala International has no adequate remedy at law.

34. In the event that it is determined that the Church of Shambhala profited from its improper use of the Subject Marks, Shambhala International is entitled to additional remedies as provided by law, including those set forth in 15 U.S.C. §1117.

### THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution – 15 U.S.C. §1125(c))

35. Shambhala International reincorporates and realleges each and every allegation of ¶¶1 through 34, above.

36. The Subject Marks are distinctive and famous marks.

37. In promoting, marketing, advertising, and/or selling the Church of Shambhala's products and services, the Church of Shambhala uses marks that are confusingly similar to the Subject Marks, and the Church of Shambhala's use of such marks was subsequent to the Subject Marks becoming famous.

38. By reason of the Church of Shambhala's actions, the Church of Shambhala has caused and is causing dilution of the distinctive quality of the Subject Marks by lessening the capacity of the famous Subject Marks to identify and distinguish Shambhala International's services and by tarnishing the reputation, goodwill and positive associations of the Subject Marks due to the nature of the Church of Shambhala's products and services.

39. By reason of the Church of Shambhala's actions, the Church of Shambhala has caused and is causing dilution of the distinctive quality of the Subject Marks by lessening the capacity of the famous Subject Marks to identify and distinguish Shambhala International's services, in violation of 15 U.S.C. §1125(c).

40. Unless enjoined, the acts of the Church of Shambhala have inflicted, and will continue to inflict, substantial and irreparable injury upon the reputation and goodwill of Shambhala International and its Subject Marks, for which injury Shambhala International has no adequate remedy at law.

41. As a result of the acts of the Church of Shambhala, Church of Shambhala has been and will continue to be unjustly enriched by monies received by Church of Shambhala in connection with those acts of dilution.

42. In the event that it is determined that the Church of Shambhala profited from its improper use of the Subject Marks, Shambhala International is entitled to additional remedies as provided by law, including those set forth in 15 U.S.C. §1117.

### FOURTH CLAIM FOR RELIEF
**(Common Law Trademark Infringement)**

43. Shambhala International reincorporates and realleges each and every allegation of ¶¶1 through 42, above.

44. Shambhala International has a protectable interest in the Subject Marks, and offers services under the Subject Marks for the uses set forth above.

45. The Church of Shambhala offers and sells in commerce products and services that are not made or sold by Shambhala International, using the Subject Marks or colorable imitations of the Subject Marks.

46. The Church of Shambhala uses the Subject Marks or colorable imitations of the Subject Marks in connection with the sale, offering for sale, distribution and advertising of its products and services in a manner that is likely to cause confusion, to cause mistake and to deceive.

47. Unless enjoined, the acts of the Church of Shambhala have inflicted, and will continue to inflict, substantial and irreparable injury upon the reputation and goodwill of Shambhala International and its Subject Marks, for which injury Shambhala International has no adequate remedy at law.

48. In the event that it is determined that the Church of Shambhala profited from its improper use of the Subject Marks, Shambhala International is entitled to additional remedies as provided by law, including those set forth in 15 U.S.C. §1117.

### FIFTH CLAIM FOR RELIEF
(Anticybersquatting Consumer Protection Act − 15 U.S.C. §1125(d))

49. Shambhala International reincorporates and realleges each and every allegation of ¶¶1 through 48, above.

50. The Church of Shambhala advertises, offers for sale and sells products and services through three websites with the following domain names ("the Shambhala Websites"):

- www.shambhalaservices.org
- www.shambhalameditationtools.com
- www.shambhalaamericanbuddhism.com

51. By use of the Shambhala Websites, the Church of Shambhala had a bad faith intent to profit from the Subject Marks, and used domain names that are identical, confusingly similar to, or dilutive of the Subject Marks.

52. Pursuant to 15 U.S.C. §1125(d)(1)(C), the domain names of the Shambhala Websites should be transferred to Shambhala International or, alternatively, forfeited or cancelled.

53. In the event that it is determined that the Church of Shambhala profited from its improper use of the Subject Marks, Shambhala International is entitled to additional remedies as provided by law, including those set forth in 15 U.S.C. §1117.

WHEREFORE, Shambhala International requests the Court to:

a. Preliminarily and permanently enjoin the Church of Shambhala, its officers, directors, agents, servants, employees, attorneys, confederates, and any and all persons acting for, with, by through, or in concert with them or any of them from:

    i. from using the Subject Marks, or any other mark that is a colorable imitation of, or is confusingly similar to, the Subject Marks, or any of them, in connection with the advertising, marketing, distribution, offering for sale, or sale of any product or service;

    ii. from representing in any manner or by any method whatsoever, that products or services provided by the Church of Shambhala are sponsored, approved, authorized by or originate from Shambhala International, or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, or sponsorship of such products or services; and

    iii. from infringing, diluting, or tarnishing the distinctive quality of the Subject Marks, or any of them;

  b. Order that the domain names of the Shambhala Websites be transferred to Shambhala International or, alternatively, forfeited or cancelled;

  c. Enter judgment against the Church of Shambhala and in favor of Shambhala International for damages in an amount to be proved at trial;

  d. Enter judgment against the Church of Shambhala and in favor of Shambhala International for its costs of this action including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

  e. Award Shambhala International such other further relief as the Court shall deem appropriate.

  Dated:  September 3, 2008

            HUTCHINSON BLACK AND COOK, LLC

            /s/ William D. Meyer
            William D. Meyer, #6562
            Kimberly M. Hult, #31764
            921 Walnut Street, Suite 200
            Boulder, CO 80302
            303.442.6514 (telephone)
            303.442.6593 (fax)

            Attorneys for Plaintiff Shambhala International (Vajradhatu)

**Plaintiff's Address**
1345 Spruce Street
Boulder, CO 80302, United States